CATHERINE J. WEINBERG, ESQ. [SBN 222066]
BUCKNER, ROBINSON & MIRKOVICH
3146 Red Hill Avenue, Suite 200
Costa Mesa, California 92626
Telephone: (714) 432-0990
Fax: (714) 432-0352
Email: cweinberg@bamlaw.net

Attorneys for Defendant
Lakeview Village Corp., a
Nevada corporation

UNITED STATES DISTRICT COURT

FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAKEVIEW VILLAGE CORP., a Nevada corporation; and Does 1-10, inclusive,<br><br>Defendants. | Case No. 8:19-cv-01884-DOC-ADS<br><br>**DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS STATE LAW CLAIM**<br><br>FRCP Rules 12(b)(1), 12(b)(6), 12(h)(3), and 28 USC § 1367(c)<br><br>Date: December 9, 2018<br>Time: 8:30 a.m.<br>Courtroom: 9D<br>Judge: Hon. David O. Carter<br><br>Complaint Filed: 10/01/19<br>Trial Date: No date scheduled |

**I.   The Opposition Ignores The Detailed And Reasoned Efforts By The California Legislature, Through The Enactment of C.C.P. §§ 425.50 And 425.55, To Reasonably Regulate The Flood Of ADA Cases Currently Burdening California Small Businesses And Courts**

In Section C on pages 6-7 of the "Plaintiff's Opposition to Motion to Dismiss State Law Claim" (the "Opposition") filed by plaintiff JAMES RUTHERFORD ("Plaintiff") in this matter, Plaintiff correctly points out that

1

"California's high frequency litigant requirements . . . do not apply in federal court . . . ." The subject sections of the California *Code of Civil Procedure* are not mentioned again in the balance of the Opposition.

Plaintiff ignores the whole thrust and intent behind the enactment of those sections of the Code. They were drafted and enacted in response to the ever increasing flood of construction-related accessability litigation that has been overwhelming California businesses and courts in recent years.

On page 12 in Section IV of the underlying "Motion to Dismiss State Law Claim" (the "Motion"), defendant LAKEVIEW VILLAGE CORP. ("Defendant") quoted C.C.P. § 425.55(a)(2), in which the lawmakers took the unusual step of outlining the drastic situation caused by the new torrent of lawsuits to explain the new laws being enacted.

Defendant notes that C.C.P. § 425.55(a)(3), which immediately follows (a)(2), states in full: "Therefore, given these special and unique circumstances, the provisions of this section are warranted for this limited group of plaintiffs."

It is clear that, by the enactment of these sections of the Code, the Legislature intended to impose certain reasonable regulations on high-frequency litigants like Plaintiff. This legislative intent is wholly ignored in the Opposition.

> "As a high-frequency litigant primarily seeking relief under state law, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim." *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017)

## II. Plaintiff's Attempt To Characterize The Monetary Damages He Is Seeking As Minimal Is Disproved By His Own Complaint

In the Opposition (page 1, lines 17-21), Plaintiff claims he "only seeks statutory damages for two violations of the Unruh Act (one violation for denial of access and one for deterrence); a minimal mount that reduces potential that his state claim could 'substantially predominate' over the ADA claim."

In fact, paragraph 12 on pages 3-4 of Plaintiff's "Complaint for Damages and Injunctive Relief" (the "Complaint") lists no less than four (4) alleged "violations", all of which Plaintiff claims (at paragraph 16 on page 4) to have "personally encountered". Also, in paragraph 13 on page 4 of the Complaint, Plaintiff claims a "reservation of rights to assert further violations of law after a site inspection".

In paragraphs 2 and 3 of the prayer on page 9 of the Complaint, Plaintiff prays for ". . . actual damages and statutory damages of not less than $4,000 *per violation* . . ." and ". . . [a]n additional award of $4,000.00 as deterrence damages *for each violation* . . ." (Emphasis added.)

As the Complaint shows, Plaintiff is seeking $8,000.00 for each "violation", and he is currently alleging that four (4) "violations" exist at the subject shopping center, which would be a total of $32,000.00, not including any other "violations of law" he might discover in the course of his anticipated site inspection or the attorney's fees he is requesting.

The Opposition's claim that Plaintiff seeks only "minimal" damages in this action is thus shown to be false. Additionally, the substantial monetary damages Plaintiff seeks clearly predominate over his ADA injunction claim.

3

DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS STATE LAW CLAIM

### III. Much Of The Opposition Is Devoted To "Straw Man" Arguments

Paragraphs D, E and F, and to a lesser extent paragraph G, of the Opposition are all directed at mounting energetic defenses against some possible public perceptions of high-frequency ADA litigants, such as regarding Plaintiff's motives, but those criticisms are not raised in the Motion, and thus need no defenses here.

Defendant's arguments that Plaintiff should be considered to be a "high-frequency litigant" were not made as personal disparagements, but rather simply to demonstrate that, in this case, Plaintiff should be seen as falling into the "limited group of plaintiffs" intended to be subject to C.C.P. §§ 425.50 and 425.55.

### IV. Claims That Plaintiff's Counsel Has "A Proven Track Record Of Obtaining Injunctive Relief" Is Unsubstantiated And Irrelevant

In Paragraph G, at lines 1-2 on page 11, Plaintiff claims that the Motion "disregards [Plaintiff's] counsel's proven track record of demanding ADA compliance in every ADA lawsuit." The paragraph goes on to misstate citations to two cases, which renders it impossible to determine if Plaintiff's claims in this paragraph are substantiated or not.

In any event, the fact that Plaintiff's counsel likely uses a template complaint form is not surprising, nor is it relevant.

The Unruh Act offers plaintiffs the option of requesting injunctive relief as well as monetary damages. Plaintiff could just as well be demanding ADA compliance in the state court, and then his case would be in a court that regularly makes rulings upon California law, like the Unruh Act.

By this paragraph, Plaintiff only makes it clearer that he filed his action in the federal court in order to avoid the heightened pleading standards required by

4

the state court. As Defendant has noted, that is improper forum shopping, and this Court should reject Plaintiff's efforts and decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## V.   Conclusion

Plaintiff's sudden concern about comity and how unfair it will be to Defendant if Plaintiff has to file a separate action in the state court to have his Unruh Act claims heard would all have been easily addressed if Plaintiff had simply filed his complaint in the state court in the beginning.

For the reasons given above, the Court should decline to exercise its supplemental jurisdiction over Plaintiff's Unruh Act claim and dismiss that claim from the Complaint.

Dated: November 25, 2019            Respectfully submitted,

BUCKNER, ROBINSON & MIRKOVICH

By: _____
CATHERINE J. WEINBERG
Attorneys for Defendant Lakeview Village Corp.

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause. My business address is 3246 Red Hill Avenue, Suite 200, Costa Mesa, California 92626.

On November 25, 2019, I served the foregoing document described as "Defendant's Reply to Opposition to Motion to Dismiss State Law Claim" in the above-captioned matter on the interested parties in this action as follows:

Joseph R. Manning, Jr., Esq.
MANNING LAW, APC
20062 SW Birch Street, Suite 200
Newport Beach, CA 92660
ADAPracticeGroup@manninglawoffice.com

[xx] BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the documents with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules and proofs of such service filed separately.

Executed on November 25, 2019 at Costa Mesa, California.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury that the foregoing is true and correct.

/s/ Robert Hall
ROBERT HALL