UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1884-DOC (ADSx)        Date: December 4, 2019

Title: JAMES RUTHERFORD V. LAKEVIEW VILLAGE CORP. ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO DISMISS STATE LAW CLAIM [10]**

Before the Court is Defendant Lakeview Village Corporation's Motion to Dismiss Plaintiff's State Law Claim ("Motion") (Dkt. 10). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **GRANTS** Defendant's Motion.

**I.**    **Background**

    **A.**    **Facts**

The following facts are taken from the Complaint ("Compl.") (Dkt. 1). Plaintiff James Rutherford ("Plaintiff") alleges that Defendant Lakeview Village Corporation ("Defendant") has violated the Americans with Disabilities Act and California Unruh Civil Rights Act by not providing compliant accessible parking spaces for persons with disabilities. Compl. ¶¶ 8–16.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-1884-DOC (ADSx)            Date: December 4, 2019

                                                                                          Page 2

### B.     Procedural History

Plaintiff originally asserted the instant action this Court on October 1, 2019. Dkt. 1. On October 31, 2019, Defendant filed the instant Motion. Dkt. 10. On November 18, 2019, Plaintiff opposed the Motion ("Opp'n"). Dkt. 16. On November 25, Defendant replied ("Reply"). Dkt. 18.

## II.     Legal Standard

### A.     Subject Matter Jurisdiction

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

However, district courts have discretion to decline to exercise supplemental jurisdiction:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

This Court may decline to exercise supplemental jurisdiction over state law claims for many factors including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). The Ninth Circuit does not require an "explanation for a district court's

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-1884-DOC (ADSx)            Date: December 4, 2019
                                                                                           Page 3

reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)-(3), *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances." *Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994).

**III. Discussion**

      Defendant points this Court to the fact that California has enacted laws regarding ADA construction-related claims brought by "high-frequency litigants." Mot. at 11. The laws adopted heightened pleading standards for disability discrimination lawsuits under the Unruh Act to curb baseless claims and vexatious litigation. *Id.* The heightened standards require a plaintiff to plead specific facts concerning the claim, including the specific barriers encountered and how the plaintiff was deterred. *Id*. Further, high-frequency litigants—defined as litigants who file 10 or more complaints within the 12-month period immediately preceding the filing of the current complaint—must pay a $1,000 filing fee at the time of filing their complaint in addition to the standard filing fee. *Id*. at 12.

      Defendant argues that Plaintiff is a serial filer and is improperly forum shopping by filing the instant action in federal court to evade the heightened pleading standard and filing fee in state court. *Id*. at 13–14. Therefore, Defendant requests the court to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim arising under state law.

      Plaintiff opposes the Motion, arguing that there are no "compelling reasons" to grant Defendant's request. Opp'n at 1. Notably, Plaintiff concedes that the heightened standard and filing fees described above would only apply to Plaintiff in state court and not in this Court. *Id*. at 6. Plaintiff also does not deny that Plaintiff is a serial filer. Instead, Plaintiff argues that "serial litigation is a legitimate method of enforcement" and that "Plaintiff's motives are irrelevant." *Id*. at 7–8.

      "In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornaio (America) Corp.*, CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-1884-DOC (ADSx)　　　　　　　　　　　　Date: December 4, 2019
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). Furthermore, high frequency litigants are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A).

　　　As a preliminary matter, the Court grants Defendant's Request for Judicial Notice ("RJN") of other lawsuits Plaintiff has filed in the Central District of California in the 12 months preceding the filing of the instant action. Dkt. 12. This shows that this single Plaintiff has filed **108** cases in this district alone. *See* Dkt. 12, Exh. A. Thus, the Court finds Plaintiff to be a serial filer. The Court also finds that Plaintiff's claims here are "construction-related" ADA claims. *See generally* Compl. Therefore, Plaintiff would be subject to the heightened pleading standards and fees described above if Plaintiff were to file in state court.

　　　Accordingly, the Court finds that California's enactment of the above described heightened standards and fees, combined with the immense burden of the ever-increasing number of combined ADA/Unruh cases filed in this district, presents "exceptional circumstances" and "compelling reasons" that justify the Court's exercise of its discretion to decline supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c)(4). *See Shutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) (declining supplemental jurisdiction to discourage ADA plaintiffs' "use [of the] federal court[s] as an end-around to California's pleading requirements"). It is not, under *Gibbs*, "fair" to defendants that plaintiffs may pursue construction-related ADA claims in this Court while evading the limitations California has imposed on such claims in state court.

　　　Finally, the Court sees no prejudice in requiring Plaintiff's state-law claims be heard in state court. Indeed, "if [P]laintiff legitimately seeks to litigate this action in a single forum, [P]laintiff may dismiss this action and refile it in state court in accordance with the requirements California has imposed on such actions." *Garibay v. Rodriguez*, No. 2:18-CV-09187-PA-AFM, Doc. 43 at 8 (C.D. Cal. August 27, 2019).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-1884-DOC (ADSx)                      Date: December 4, 2019

Page 5

## IV. Disposition

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Unruh state law claim.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                                               Initials of Deputy Clerk: djl